CASE NO. 18-5409

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES BORDEN, Jr.

Defendant-Appellant

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT, EASTERN DISTRICT
OF TENNESSEE, AT CHATTANOOGA

CORRECTED BRIEF OF APPELLANT

Laura E. Davis
Assistant Federal Defender
Federal Defender Services of Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, Tennessee  37929    (865) 637-7979
Attorney for Charles Borden

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT .............................................1

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....2

STATEMENT OF THE ISSUES PRESENTED.........................................................3

STATEMENT OF THE CASE AND RELEVANT FACTS ...................................4

SUMMARY OF THE ARGUMENT .......................................................................7

STANDARD OF REVIEW .....................................................................................8

ARGUMENT ...........................................................................................................9

    Application of a legal interpretation not in effect at the time of Mr. Borden's offense violated his due process rights. ................................................................9

    Tennessee reckless aggravated assault is not a violent felony because it can be violated by driving under the influence or otherwise driving recklessly, resulting in injury. ....................................................................................................12

CONCLUSION ......................................................................................................17

CERTIFICATE OF SERVICE ..............................................................................18

CERTIFICATE OF COMPLIANCE......................................................................19

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ..............20

# TABLE OF AUTHORITIES

**Page**

## <u>Cases</u>

*Beazell v. Ohio*, 269 U.S. 167 (1925) ........................................................................10

*Begay v. United States*, 553 U.S. 137 (2008) .................................................... 14, 15

*Bennett v. United States*, 868 F.3d 1 (1st Cir. 2017) ................................................15

*Bouie v. City of Columbia*, 378 U.S. 347 (1964) ......................................... 6, 10, 11

*Calder v. Bull*, 3 U.S. (Dall.) 386 (1798)........................................................... 10, 12

*Carmel v. Texas*, 529 U.S. 513 (1999)............................................................... 10, 12

*Marks v. United States*, 430 U.S. 188 (1977) ...........................................................10

*Mathis v. United States*, 136 S. Ct. 2243 (2016) .....................................................13

*Peugh v. United States*, 569 U.S. 530 (2013) .................................................... 10, 12

*State v. Boone*, No. W2005-00158-CCA-R3CD, 2005 WL 3533318 (Tenn.
Crim. App. 2005) ........................................................................................... 13, 16

*State v. Harris*, No. W201501917CCAR3CD, 2017 WL 244117 (Tenn. Crim.
App. Jan. 20, 2017) ........................................................................................ 16, 17

*State v. Huffine*, No. E201602267CCAR3CD, 2018 WL 1611591 (Tenn. Crim.
App. Apr. 3, 2018) ...............................................................................................17

*State v. Jones*, No. E201600769CCAR3CD, 2018 WL 486004 (Tenn. Crim.
App. Jan. 19, 2018) ..............................................................................................17

*State v. Kennedy*, 152 S.W.3d 16 (Tenn. Crim. App. 2004)....................................16

*State v. Tate*, 912 S.W.2d 785 (Tenn. Crim. App. 1995) ........................................16

iii

*United States v. Barton*, 455 F.3d 649 (6th Cir. 2006)...............................................9

*United States v. Copeland*, 321 F.3d 582 (6th Cir. 2003) ...........................................9

*United States v. Fields*, 863 F.3d 1012 (8th Cir. 2017) ..................................... 14, 15

*United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016)..............................................14

*United States v. Haight*, 892 F.3d 1271 (D.C. Cir. 2018) ........................................13

*United States v. Harper*, 875 F.3d 329 (6th Cir. 2017) ........................................5, 12

*United States v. Martin*, 378 F.3d 578 (6th Cir. 2004)...........................................9

*United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010)........................... 4, 6, 11, 12

*United States v. Mendez-Henriquez*, 847 F.3d 214 (5th Cir. 2017) ........................13

*United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011) .................................... 14, 15

*United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017)............................................13

*United States v. Vanhook*, 640 F.3d 70 (6th Cir. 2011).............................................4

*United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017).............................. *passim*

*United States v. Windley*, 864 F.3d 36 (1st Cir. 2017) ...................................... 14-16

*Voisine v. United States*, 136 S. Ct. 2272 (2016)........................................... 4, 13-15

*Weaver v. Graham*, 450 U.S. 24 (1981) ...................................................................10

## Statutes

18 U.S.C. § 16.............................................................................................................15

18 U.S.C. § 113(a)(6)...................................................................................................14

18 U.S.C. § 921(a)(33)(A) ..........................................................................................15

18 U.S.C. § 922(g) ............................................................................ 2, 4, 11

18 U.S.C. § 924 .....................................................................................17

18 U.S.C. § 3231 .....................................................................................2

18 U.S.C. § 3742 .....................................................................................2

28 U.S.C. § 1291 .....................................................................................2

Tenn. Code Ann. § 39-13-102 (2005)............................................... 13, 16

## Rules

Federal Rules of Appellate Procedure 3 ...................................................2

Federal Rules of Appellate Procedure 4 ...................................................2

Federal Rules of Criminal Procedure 18....................................................2

Rule 34(a), Rules of the Sixth Circuit......................................................1

## Constitutional Provisions

Fifth Amendment ...................................................................................10

Fourteenth Amendment ..........................................................................10

## STATEMENT REGARDING ORAL ARGUMENT

This case presents an unusual *ex post facto*, due process argument concerning sentencing applying newer, more punitive, interpretations of law than were in place at the time of the defendant's offense.  The legal arguments in this case are sufficiently unique that the decisional process would be significantly aided by oral argument.  Pursuant to Rule 34(a), Rules of the Sixth Circuit, oral argument is requested.

## STATEMENT OF SUBJECT MATTER AND APPELLATE

## JURISDICTION

This is a federal criminal prosecution arising out of acts occurring in the Eastern District of Tennessee and prosecuted by Indictment under 18 U.S.C. § 922(g) (felon in possession of a firearm).  (Indictment, R. 1, Page ID# 1).  The district court below exercised jurisdiction pursuant to 18 U.S.C. § 3231 and Federal Rules of Criminal Procedure 18.

This is an appeal as of right, taken pursuant to Federal Rules of Appellate Procedure 3 and 4, from the district court to the Sixth Circuit Court of Appeals with jurisdiction over this district.  Jurisdiction is proper under 28 U.S.C. § 1291, and under 18 U.S.C. § 3742 with regard to the sentencing issues.  Judgment was entered on April 17, 2018.  (Judgment, R. 41, Page ID# 211).  A timely Notice of Appeal was filed on April 19, 2018.  (Notice of Appeal, R. 44, Page ID# 223).

## STATEMENT OF THE ISSUES PRESENTED

Did the district court violate Mr. Borden's due process rights when it applied to his sentencing a newer, more punitive, interpretation of law than that which was in force at the time of Mr. Borden's federal offense?

Did the district court err when it found that Tennessee reckless aggravated assault – which can be committed by causing injury while driving under the influence or otherwise recklessly driving – to be a violent felony under the Armed Career Criminal Act?

## STATEMENT OF THE CASE AND RELEVANT FACTS

In 2010, the Sixth Circuit ruled that assault statutes that may be violated via reckless conduct are not a "crime of violence" under the Guidelines. *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010).[1]

On April 11, 2017, Charles Borden, a convicted felon, was found by law enforcement to be in possession of a firearm. (Amended Plea Agreement, R. 22, Page ID# 41).

On August 22, 2017, a federal grand jury indicted Mr. Borden for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Indictment, R. 1, Page ID# 1).

On October 20, 2017, the Sixth Circuit held that offenses requiring only a reckless *mens rea* could be a crime of violence, citing *Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016). *United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017).

Later, Mr. Borden pled guilty pursuant to an amended plea agreement that preserved his right to appeal the use of his aggravated assault convictions as

---

[1] "Given the similarity between the ACCA's definition of 'violent felony' and the definition of 'crime of violence' contained in the pertinent guideline provision, courts... have taken the position that authority interpreting one phrase is generally persuasive when interpreting the other." *United States v. Vanhook*, 640 F.3d 706, 712 n.4 (6th Cir. 2011).

4

predicate offenses under the Armed Career Criminal Act ("ACCA").  (Amended

Plea Agreement, R. 22, Page ID# 45, 46).

The United States Probation Office prepared a Presentence Report.

(Presentence Report ("PSR") (sealed document), R. 30, Page ID# 140).  It averred

Mr. Borden qualified for the enhanced sentencing provisions of the Armed Career

Criminal Act based on four sets of criminal convictions:  three for Tennessee

aggravated assault (¶¶45, 47, 52) and one for Tennessee promotion of

methamphetamine manufacture (¶57).  (PSR, R. 30, Page ID# 146, 152-156, 159,

161, 162).

Mr. Borden objected to the Presentence Report's conclusion, arguing the

reckless aggravated assault conviction described in paragraph 52 and the

promoting methamphetamine manufacture conviction were not ACCA predicate

offenses.  (Objections (sealed document), R. 29, Page ID# 133).  At the time of Mr.

Borden's Objections, *Verwiebe* and *United States v. Harper*, 875 F.3d 329 (6th Cir.

2017), were in various stages of litigation.  (Objection, R. 29, Page ID# 133-137).

The *Harper* court felt bound by *Verwiebe*, but nonetheless argued that reckless

aggravated assault should not be a crime of violence.  (Objection, R. 29, Page ID#

134).

Mr. Borden also argued that application of *Verwiebe* in his case would

violate his due process rights.  (Objections, R. 29, Page ID# 137).  Because

*McFalls* was the force-clause-interpretation in place at the time of his offense and indictment, *McFalls*' interpretation should continue to apply to Mr. Borden's case. (Objections, R. 29, Page ID# 137). The "unforeseeable and retroactive judicial expansion of narrow and precise" language deprived Mr. Borden of fair warning and other due process rights. (Objections, R. 29, Page ID# 137) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964)).

The government did not respond in writing to Mr. Borden's Objections. At his sentencing hearing, it agreed with Mr. Borden that his promotion of methamphetamine manufacture conviction should not be an ACCA predicate, and so it is not discussed further here. (Objections, R. 29, Page ID# 137; TR Sentencing, R. 48, Page ID# 292, 293).

The district court overruled Mr. Borden's objection to use of the reckless aggravated assault conviction as an ACCA predicate. (TR Sentencing, R. 48, Page ID# 291). It found application of *Verwiebe*'s interpretation – rather than that of *McFalls* – did not violate Mr. Borden's due process rights. (TR Sentencing, R. 48, Page ID# 291). The district court sustained Mr. Borden's objection to use of the promotion of methamphetamine manufacture conviction as a predicate offense. (TR Sentencing, R. 28, Page ID# 293).

The district court held that Mr. Borden qualified for the ACCA's sentencing enhancements. (TR Sentencing, R. 48, Page ID# 294).

6

## SUMMARY OF THE ARGUMENT

The *Ex Post Facto* Clause of the United States Constitution prohibits applying to a defendant a new, more punitive, interpretation of law than that which was in effect at the time of the defendant's offense.  At the time Mr. Borden illegally possessed a firearm, crimes committed with a reckless *mens rea* were not predicate offenses under the Armed Career Criminal Act ("ACCA").  While his federal case was pending, this Circuit held that reckless crimes could be ACCA predicates.  The district court violated Mr. Borden's due process rights when it applied the newer, more punitive, interpretation of law at his sentencing hearing.

Not all reckless felony assaults are violent felonies.  Tennessee's reckless aggravated assault statute can be violated by driving under the influence or otherwise recklessly driving a car resulting in injury.  Such an offense are a thing apart from the type of offenses meant to trigger the draconian sentencing enhancements of the ACCA.  The district court erred when it found Tennessee reckless aggravated assault to be a violent felony and the third necessary predicate for Mr. Borden to qualify for the ACCA sentencing enhancements.

## STANDARD OF REVIEW

This Court reviews constitutional challenges *de novo*.  *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006) (citing *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003)).  This Court also applies *de novo* review to the legal question of whether a prior conviction is a "violent felony" under the Armed Career Criminal Act.  *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004).

# ARGUMENT

**Application of a legal interpretation not in effect at the time of Mr. Borden's offense violated his due process rights.**

For centuries, the Supreme Court has followed the rule that the Constitution prohibits application of a law inflicting a greater punishment than the law annexed to the crime, when committed, because it lacks fair notice and government restraint required by constitutional norms. *See, e.g., Peugh v. United States*, 569 U.S. 530 (2013); *Weaver v. Graham*, 450 U.S. 24 (1981); *Beazell v. Ohio*, 269 U.S. 167 (1925); *Calder v. Bull*, 3 U.S. (Dall.) 386 (1798). The Constitution's *Ex Post Facto* Clause "does not merely protect reliance interests. It also reflects principles of 'fundamental justice.'" *Peugh*, 569 U.S. at 545-46 (citing *Carmel v. Texas*, 529 U.S. 513, 521 (1999)).

The Supreme Court extended that reasoning to the Due Process Clause of the Fourteenth Amendment in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), and to the Due Process Clause of the Fifth Amendment, at issue here, in *Marks v. United States*, 430 U.S. 188 (1977). Those decisions reasoned that notice, foreseeability, and, in particular, the right to fair warning as the concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct, are fundamental to our concept of constitutional liberty. Accordingly, *Marks* and *Bouie* held that due process prohibited state and federal courts from doing what legislatures cannot themselves constitutionally do: alter

and apply a criminal punishment to a defendant's disadvantage (albeit through judicial construction of a statute) after the crime was committed. "If a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." *Bouie*, 378 U.S. at 354.

To invoke this due process analysis, courts must address the following questions:  1) Did judicial construction of a criminal statute change the law in a manner that was unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue?  2) Did the change in law occur after the defendant committed the crime for which he is being sentenced?  If the answer to these questions is in the affirmative, the court cannot apply the change in law to the defendant's disadvantage.  Mr. Borden asserts that the answers to both questions in his case are unambiguously in the affirmative.

At the time of Mr. Borden's federal offense, assault statutes that could be violated with merely a reckless *mens rea* were not a "violent felony" under the ACCA.  *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010).  Under *McFalls*, Mr. Borden only had two predicate convictions for ACCA consideration. This meant that his maximum possible sentence for violating 18 U.S.C. § 922(g) was ten years.

10

After Mr. Borden had committed his offense, the Sixth Circuit abrogated *McFalls*, holding that reckless assault did, indeed, involve the "use" of force and thus were violent felonies. *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. October 20, 2017); *United States v. Harper*, 875 F.3d 329 (6th Cir. Nov. 9, 2017). The district court used this new interpretation of the law to find that Mr. Borden's reckless aggravated assault conviction is a predicate offense under the ACCA, raising his sentencing exposure to a mandatory minimum of 15 years in prison, up to life.

Mr. Borden was subject to a much greater penalty based on a post-offense change in the interpretation of the law. Applying a post-offense new interpretation of law to "change the punishment, and inflict a greater punishment" on Mr. Borden, offends "one of the principal interests that the *Ex Post Facto* Clause was designed to serve, fundamental justice." *Peugh*, 569 U.S. at 539 (quoting *Calder*, 3 U.S. (Dall.) at 390), and 550 (quoting *Carmel*, 529 U.S. at 531). Due process requires that Mr. Borden be given the benefit of the *McFalls* interpretation, which was in effect at the time of his offense. He therefore is not subject to the ACCA sentencing enhancements.

11

**Tennessee reckless aggravated assault is not a violent felony because it can be violated by driving under the influence or otherwise driving recklessly, resulting in injury.**

In 2005, Tennessee's reckless aggravated assault statute provided that:

(a)  A person commits aggravated assault who:

...

    (2)  Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A)  Causes serious bodily injury to another; or
        (B)  Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102 (2005). The particular weapon or instrument used is a "means" rather than an element. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). This statute can be violated by reckless driving causing injury. *See, e.g., State v. Boone*, No. W2005-00158-CCA-R3CD, 2005 WL 3533318, *6 (Tenn. Crim. App. 2005) (defendant may be found guilty of reckless aggravated assault if he recklessly caused bodily injury using a deadly weapon, to wit: motor vehicle). Four Circuits – the Fifth, Sixth, Tenth, and D.C. – hold that, after the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), a conviction under such statute is a conviction for a violent felony and thus worthy of triggering the draconian sentencing enhancements of the ACCA. *United States v. Mendez-Henriquez*, 847 F.3d 214 (5th Cir. 2017); *Verwiebe*, 874 F.3d at 262; *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017); *United States v. Haight*, 892 F.3d 1271 (D.C. Cir. 2018) (*petition for certiorari pending*, No. 18-370). Two

12

Circuits – the First and the Eighth – have properly held that such statutes are not violent felonies because a crime that includes "the unadorned offense of reckless driving resulting injury" is distinct from other crimes of recklessness," *United States v. Ossana*, 638 F.3d 895, 901 n.6 (8th Cir. 2011), and are "similar to the Supreme Court's decision regarding DUI crimes in *Begay*." *United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2017) (quoting *Ossana* and *Begay v. United States*, 553 U.S. 137, 144-48 (2008)); *United States v. Windley*, 864 F.3d 36 (1st Cir. 2017).

In *Verwiebe*, this Circuit rejected the defendant's argument that "crimes satisfied by reckless conduct *categorically* do not include the 'use of physical force.'" *Verwiebe*, 874 F.3d at 264 (emphasis added). In rejecting that argument, *Verwiebe* did *not* rule that crimes satisfied by reckless conduct categorically *include* the use of physical force. *Verwiebe* specifically held that "the reckless conduct proscribed by [18 U.S.C.] § 113(a)(6) amounts to 'the use, attempted use, or threatened use of physical force.'" *Id.* *Verwiebe*'s reckless *mens rea* analysis should have been limited to § 113(a)(6) and should not have been extended to Tennessee reckless aggravated assault.

That *Verwiebe*'s analysis should have been cabined by the statute it analyzed is demonstrated by its choice of Eighth Circuit cases to support its argument. *Verwiebe,* 874 F.3d at 262 (citing *United States v. Fogg*, 836 F.3d 951 (8th Cir.

13

2016)).  In *Fogg*, the Eighth Circuit held, post-*Voisine*, that recklessly shooting at a

person is a violent felony.  836 F.3d at 956.  However, the Eighth Circuit has also

held, post-*Voisine*, that it is not just the *mens rea* of an offense that must be

examined, but also the nature of the crime itself.  *Fields*, 863 F.3d at 1015.  *Fields*

noted that in *Voisine*, the Supreme Court "did not decide that all crimes with a

reckless *mens rea* are crimes of violence in all circumstances."  863 F.3d at 1015

(citing *Voisine*, 136 S. Ct. at 2280 n.4 ("Our decision today concerning  [18

U.S.C.] § 921(a)(33)(A)'s scope does not resolve whether [18 U.S.C.] § 16

includes reckless behavior.  Courts have sometimes given those two statutory

definitions divergent readings in light of differences in their contexts and purposes,

and we do not foreclose that possibility with respect to their required mental

states.")).

Both the Eighth Circuit and the First Circuit have ruled *Voisine* does not

reach crimes that can be committed by recklessly driving.  *Fields*, 863 F.3d at

1015; *Windley*, 864 F.3d at 38, 39.  A crime that includes "the unadorned offense

of reckless driving resulting in injury" is "distinct from other crimes of

recklessness," *Ossana*, 638 F.3d at 901 n.6, and are "similar to the Supreme

Court's decision regarding DUI crimes in *Begay*."  *Fields*, 863 F.3d at 1015

(quoting *Ossana* and *Begay*, 553 U.S. at 144-48).  A defendant convicted of

aggravated assault for "causing injury by driving while intoxicated" does not "pose

14

the kind of risk that Congress appears to have had in mind in defining" a violent

felony. *Bennett v. United States*, 868 F.3d 1, 22 (1st Cir. 2017), court opinion

withdrawn upon death of defendant, reasoning adopted by *Windley*, 864 F.3d at 37

n.2.

Tennessee's 2005 reckless aggravated assault, Tenn. Code Ann. § 39-13-102

(a)(2), is one such statute. A motor vehicle "can constitute a deadly weapon for the

purposes of aggravated assault." *State v. Tate*, 912 S.W.2d 785, 787 (Tenn. Crim.

App. 1995). A defendant may be found guilty of reckless aggravated assault if he

"recklessly caused bodily injury" using a "deadly weapon, to-wit: Motor Vehicle."

*State v. Boone*, No. W2005-00158-CCA-R3CD, 2005 WL 3533318, at *6 (Tenn.

Crim. App. Dec. 27, 2005) (unpublished) (finding jury instruction proper in

reckless aggravated assault prosecution in connection with a car accident in which

the defendant was driving recklessly). Tennessee courts have upheld convictions

for reckless aggravated assault in connection with DUI- and reckless driving-

related vehicle accidents, with the vehicle being the "deadly weapon." *State v.

Harris*, No. W201501917CCAR3CD, 2017 WL 244117, at *4 (Tenn. Crim. App.

Jan. 20, 2017) (unpublished) (DUI and reckless driving); *Boone*, 2005 WL

3533318, at *6 (reckless driving); *see also State v. Kennedy*, 152 S.W.3d 16, 18

(Tenn. Crim. App. 2004) (jury convicted defendant of vehicular homicide, reckless

aggravated assault, and reckless driving, for injuries/death caused by her reckless

15

driving.  Trial judge overturned verdict, finding defendant was insane at the time of the offense.  Insanity ruling upheld on appeal).  The courts have sustained convictions for reckless aggravated assault when someone in the vehicle the defendant strikes is injured, *Harris*, 2017 WL 244117, at *1, but have also sustained convictions when the defendant's own passenger is injured by the defendant's reckless driving.  *State v. Jones*, No. E201600769CCAR3CD, 2018 WL 486004, at *3 (Tenn. Crim. App. Jan. 19, 2018) (unpublished); *State v. Huffine*, No. E201602267CCAR3CD, 2018 WL 1611591, at *1 (Tenn. Crim. App. Apr. 3, 2018) (unpublished) (defendant's passenger suffered injury in car crash caused by reckless driving).

This Circuit would hold such an offense to be a violent felony.  This interpretation subverts the ACCA's purposes of subjecting severely violent repeat offenders to drastically increased prison sentences.  The ACCA's enhanced penalty for any individual defendant is profound, imposing a mandatory minimum sentence of imprisonment for 15 years, and a maximum of life, rather than the statutory maximum of ten years.  18 U.S.C. §§ 924 (a)(2) & (e).  To mete out such punishment to someone who had prior convictions for causing injury while driving recklessly cannot be what Congress intended.  The district court erred when it found Mr. Borden's reckless aggravated assault conviction to be a violent felony.  It should not have subjected Mr. Borden to the ACCA's enhanced penalties.

16

## CONCLUSION

For the reasons stated above, Mr. Borden respectfully asks this Honorable Court to vacate his sentence and remand his case for resentencing without the enhancements of the Armed Career Criminal Act.

Respectfully submitted:

Federal Defender Services of Eastern Tennessee, Inc.

By:

 _s/ Laura E. Davis_          .
Laura E. Davis
Assistant Federal Defender

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Corrected Brief as been served upon the appellee through operation of the Court of Appeals Electronic Filing System, and to Appellant Charles Borden, Register No. 52564-074, USP Terre Haute, with sufficient postage to carry the same to its destination.

Dated this 9th day of January, 2019.


  *s/  Laura E. Davis* .
Laura E. Davis
Assistant Federal Defender

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the requirements of the type-volume limitation of Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, as it contains 3,054 words, excluding the table of contents, table of citations, statement in support of oral argument, any addendum, and the certificates of counsel.  Certification is based on the word count of the word-processing system used in preparing the Borden brief, Microsoft Word 2016.

_s/  Laura E. Davis_            .
Laura E. Davis

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

## UNITED STATES V. CHARLES BORDEN
## U.S. DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## DOCKET NO. 1:17-CR-120

| Record Entry No. | Document | Page ID# Range |
|---|---|---|
| 1 | Indictment | 1 |
| 22 | Amended Plea Agreement | 40 – 48 |
| 29 | Objections to the Presentence Report (sealed doc.) | 133 – 139 |
| 30 | Revised Presentence Report (sealed document) | 140 – 181 |
| 41 | Judgment | 211 – 217 |
| 44 | Notice of Appeal | 223 |
| 48 | Transcript, Sentencing Hearing | 273 – 305 |
| | | |