**Case No. 18-5409**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**CHARLES BORDEN, JR.,**

**Defendant-Appellant.**

---

On appeal from the United States District Court
for the Eastern District of Tennessee

---

**BRIEF OF THE UNITED STATES**

---

J. Douglas Overbey
United States Attorney
Eastern District of Tennessee

Luke A. McLaurin
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee  37902
865-545-4167

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

STATEMENT REGARDING ORAL ARGUMENT.................................. 1

STATEMENT OF THE ISSUES ................................................................ 2

STATEMENT OF THE CASE .................................................................... 3

SUMMARY OF ARGUMENT .................................................................... 7

ARGUMENT ................................................................................................ 8

    I.    Applying *Verwiebe* in this case was consistent with *ex post facto* and due process principles. ...................................................... 9

    II.   Tennessee reckless aggravated assault categorically qualifies as a violent felony under the ACCA's use-of-force clause. ..................... 13

CONCLUSION.......................................................................................... 22

CERTIFICATE OF SERVICE ................................................................ 23

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ... 24

# TABLE OF AUTHORITIES

<u>**Federal Cases**</u>

*Begay v. United States*, 553 U.S. 137 (2008) ................................................*passim*

*Bouie v. City of Columbia*, 378 U.S. 347 (1964)............................................10-11

*Braden v. United States*, 817 F.3d 926 (6th Cir. 2016) ..................................... 17

*Calder v. Bull*, 3 Dall. 386 (1798)...................................................................... 9

*Davis v. United States*, 900 F.3d 733 (6th Cir. 2018) ..................................*passim*

*Descamps v. United States*, 570 U.S. 254 (2013) ............................................... 15

*Frank v. Magnum*, 237 U.S. 309 (1915)............................................................... 9

*Johnson v. United States*, 520 U.S. 461 (1997) ................................................... 8

*Johnson v. United States*, 559 U.S. 133 (2010) ................................................. 14

*Johnson v. United States*, 135 S. Ct. 2251 (2015)......................................... 3, 17

*Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444 (6th Cir. 2003).................... 5

*Marks v. United States*, 430 U.S. 188 (1977)...................................................... 9

*Metrish v. Lancaster*, 569 U.S. 351 (2013) ..................................................... 10

*Puckett v. United States*, 556 U.S. 129 (2009) ................................................... 8

*Rivers v. Roadway Exp., Inc.*, 511 U.S. 298 (1994) .......................................... 13

*Rogers v. Tennessee*, 532 U.S. 451 (2001) ...............................................9-10, 12

*Ross v. Oregon*, 227 U.S. 150 (1913)................................................................ 9

*Stokeling v. United States*, No. 17-5554, __ S. Ct. __, 2019 WL 189343 (Jan. 15, 2019) ........................................................................... 14

*Voisine v. United States,* 136 S.Ct. 2272 (2016) ..........................................*passim*

*United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012) ................................... 8

*United States v. Arender*, 560 F. App'x 648 (8th Cir. 2014)............................ 17

*United States v. Bettcher*, 911 F.3d 1040 (10th Cir. 2018) ................................ 11

*United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (*en banc*) ........................ 16

*United States v. Collins*, 799 F.3d 554 (6th Cir. 2015) ..................................... 15

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) ................................... 8

*United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016) .................................... 14

*United States v. Evans*, 699 F.3d 858 (6th Cir. 2012)....................................... 14

*United States v. Fields*, 863 F.3d 1012 (8th Cir. 2017) .......................... 17, 19-20

*United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016) .....................................11-12

*United States v. Haight*, 892 F.3d 1271 (D.C. Cir. 2018) ................................. 11

*United States v. Harper*, 875 F.3d 329 (6th Cir. 2017) ...............................*passim*

*United States v. Howell*, 838 F.3d 489 (5th Cir. 2016) ..................................11-12

*United States v. Mann*, 899 F.3d 898 (10th Cir. 2018)................................19-20

*United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011) ........................... 3, 11

*United States v. Mendez-Henriquez*, 847 F.3d 214 (5th Cir. 2017)..................... 12

*United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011) ..................................... 20

*United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017) ..................................... 11

*United States v. Ramey*, 880 F.3d 447 (8th Cir. 2018) ................................11, 20

*United States v. Rose*, 896 F.3d 104 (1st Cir. 2018) ........................................ 19

*United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017)..............................*passim*

*United States v. Windley*, 864 F.3d 36 (1st Cir. 2017)...................................... 12

*United States v. Zunie*, 444 F.3d 1230 (10th Cir. 2006) .................................. 20

## State Cases

*State v. Boone*, No. W2005-158-CCA-R3-CD, 2005 WL 3533318 (Tenn.
    Crim. App. Dec. 27, 2005) ................................................................ 18

## Federal Statutes

18 U.S.C. § 113 ................................................................................... 20

18 U.S.C. § 922 .................................................................................... 4

18 U.S.C. § 924 .........................................................................3, 13, 19

18 U.S.C. § 3553 .................................................................................. 6

U.S. Const. art. I................................................................................... 9

## State Statutes

Tenn. Code Ann. § 39-13-101 ....................................................................14-15

Tenn. Code Ann. § 39-11-106 ......................................................................... 16

Tenn. Code Ann. § 39-13-102 ..................................................... 5, 14, 15, 18

Tenn. Code Ann. § 55-10-205 ......................................................................... 18

Tenn. Code Ann. § 55-10-402 ......................................................................... 18

Tenn. Code Ann. § 55-10-401 ......................................................................... 18

## Federal Rules

Fed. R. Crim. P. 52 ........................................................................................... 9

U.S.S.G. § 2L1.2 .............................................................................................. 12

U.S.S.G. § 4B1.2 .............................................................................................. 11

U.S.S.G. § 5K1.1 ............................................................................................... 6

## STATEMENT REGARDING ORAL ARGUMENT

The United States does not request oral argument because the issues in this case are fully presented in the briefs and in the record.  The United States nonetheless defers to the Court's determination whether its decisional process is likely to be aided by oral argument.

## STATEMENT OF THE ISSUES

I.    Whether the district court correctly followed this Court's binding interpretation of the Armed Career Criminal Act when applying that statute to Borden.

II.   Whether Tennessee reckless aggravated assault categorically qualifies as a violent felony under the Armed Career Criminal Act.

## STATEMENT OF THE CASE

The Armed Career Criminal Act (ACCA) mandates a sentence of no less than fifteen years' imprisonment for a felon who possesses a firearm after having sustained three prior convictions "for a violent felony."  18 U.S.C. § 924(e)(1).  For purposes of that statute, a felony is violent if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."[1]  *Id.* § 924(e)(2)(B).

In 2011, this Court concluded that that use-of-force clause "requires more than reckless conduct."  *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011).  However, in 2016, the Supreme Court found that the word "use" is "indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct" and held that a similarly worded use-of-force clause in another firearms statute encompasses reckless conduct.  *Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016).

---

[1] Under the ACCA, an offense is also a violent felony if it "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B). However, in *Johnson v. United States*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Act violates the Constitution's guarantee of due process."  135 S. Ct. 2551, 2563 (2015). *Johnson* left intact the remainder of the ACCA's violent-felony definition.  *Id.*

A year later—in November 2017—this Court recognized that *Voisine* had effectively overturned *McMurray* and accordingly held that "reckless conduct [can] amount[] to the use, attempted use, or threatened use of physical force" for purposes of the ACCA and the Guidelines. *United States v. Verwiebe*, 874 F.3d 258, 264 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 63 (2018); *accord Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018) (confirming that *Voisine* "necessarily overturned this circuit's precedent in *McMurray*").

In between the time that *Voisine* and *Verwiebe* were decided—*i.e.*, on April 11, 2017—Charles Borden, Jr., was caught with a pistol during a traffic stop. (R. 22, Amended Plea Agreement at PageID# 41-42.) Borden later pleaded guilty to possessing that firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (*Id.* at PageID# 40; R. 1, Indictment, PageID# 1.) Based on three prior Tennessee aggravated assault convictions, he was deemed an armed career criminal.[2] (R. 30, Revised Presentence Report (PSR) at ¶¶ 45, 47, 52, PageID# 152-59.)

---

[2] The PSR also listed Borden's prior Tennessee conviction for promotion of methamphetamine manufacture as an ACCA predicate. (R. 30, PSR at ¶ 26, PageID# 146.) However, at sentencing, the United States conceded that it did not have sufficient documentation to prove that that particular drug conviction qualified as an ACCA predicate and relied solely on Borden's three aggravated assault convictions to support his armed-career-criminal classification. (R. 48, Sentencing Tr. at PageID# 292-93.)

Borden objected to his armed-career-criminal classification, alleging that one of his prior aggravated assaults—the 2005 offense listed in paragraph 52 of the PSR—did not qualify as a violent felony because it involved a reckless variant of the offense.[3]  (R. 29, PSR Objections, PageID# 133-39.)  Borden acknowledged that *Verwiebe* compelled the conclusion that the reckless variants of Tennessee aggravated assault qualify as violent felonies under the ACCA.[4]  (*Id.* at PageID# 133.)  But Borden asserted that applying *Verwiebe* in his case would violate *ex post facto* and due process principles because *Verwiebe* was not decided until after he committed his offense.  (*Id.* at PageID# 137.)

---

[3] Tennessee's aggravated assault statute contains knowing/intentional variants of the offense as well as reckless variants of the offense.  *Compare* Tenn. Code Ann. § 39-13-102(a)(1), *with id.* § 39-13-102(a)(2).  Borden's 2001 and 2003 aggravated assaults involved knowing/intentional variants of the offense.  (*See* R. 30, PSR at ¶¶ 45 & 47, PageID# 152-56.)  Borden did not dispute in the district court, and does not dispute on appeal, that those two aggravated assaults qualify as violent felonies under the ACCA.  (*See* R. 29, PSR Objections, PageID# 133-39.)  As such, Borden has waived any objection to the use of those aggravated assaults as ACCA predicates.  *See, e.g.*, *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003) ("An appellant waives an issue when he fails to present it in his initial briefs before this court.").

[4] Post-*Verwiebe*, this Court has held that the reckless variants of Tennessee aggravated assault qualify as violent felonies under the ACCA's use-of-force clause.  *Davis*, 900 F.3d at 736; *accord United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) (holding that the reckless variants of Tennessee aggravated assault qualify as crimes of violence under the Guidelines' identically worded use-of-force clause), *cert. denied*, 139 S. Ct. 53 (2018).

The district court rejected that argument as meritless. (R. 48, Sentencing Tr. at PageID# 282-91.) Applying *Verwiebe*, the court concluded that all three of Borden's aggravated assault convictions qualified as violent felonies and found that Borden was, in fact, an armed career criminal subject to a mandatory minimum term of 15 years' imprisonment and an advisory Guidelines range of 180 to 210 months' imprisonment. (*Id.* at PageID# 294.)

Based on Borden's assistance to law enforcement authorities following his arrest, the United States asked the district court to depart downward from that mandatory minimum and Guidelines range pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. (*Id.* at PageID# 295.) The court granted that request and, after considering the 18 U.S.C. § 3553(a) factors, sentenced Borden to 115 months' imprisonment. (R. 41, Judgment, PageID# 211-17.) This timely appeal followed. (R. 44, Notice of Appeal, PageID# 223.)

## SUMMARY OF ARGUMENT

The district court properly classified Borden as an armed career criminal because, following this Court's decision in *Verwiebe*, Tennessee reckless aggravated assault categorically qualifies as a violent felony under the ACCA's use-of-force clause. *Verwiebe*'s interpretation of that use-of-force clause was mandated by the Supreme Court's decision in *Voisine* and was consistent with the plain language of the ACCA. As such, applying *Verwiebe* to Borden's case was consistent with *ex post facto* and due process principles.

Contrary to Borden's assertion, the mere fact that Tennessee reckless aggravated assault can be committed by using a motor vehicle as a deadly weapon does not preclude it from qualifying as a violent felony. There is no principled reason for treating a reckless assault committed with a motor vehicle differently than a reckless assault committed with another deadly weapon. And regardless of the deadly weapon chosen, one can only commit Tennessee reckless aggravated assault by causing bodily injury to another. As such, the offense necessarily involves the use of physical force against the person of another. This Court has properly found that Tennessee reckless aggravated assault categorically qualifies as a violent felony, and the district court did not plainly err by not *sua sponte* reaching a different conclusion.

## ARGUMENT

Post-*Verwiebe*, this Court has repeatedly held that Tennessee reckless aggravated assault qualifies as a violent felony under the ACCA's use-of-force clause. *Davis*, 900 F.3d at 736; *accord Harper*, 875 F.3d at 330. Borden contends that this Court should ignore that binding precedent here for two reasons. First, Borden asserts that applying *Verwiebe* to his case violated the Constitution's *ex post facto* and due process protections. (Borden Brief at 9-11.) Second, Borden claims that *Davis* and *Harper* were wrongly decided because the Tennessee reckless aggravated assault allegedly can be committed without the use of violent force. (*Id.* at 12-17.)

Such constitutional and statutory-interpretation challenges are generally reviewed *de novo*. *E.g., United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012). However, because Borden never raised his second argument in the district court, that claim may only be reviewed for plain error.[5] Fed. R. Crim.

---

[5] To prevail under that standard, Borden must show that the district committed an "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). If he can show all three conditions, then the Court may "exercise its discretion to notice [the] forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 467. "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

P. 52(b).  Regardless, neither of Borden's arguments have merit under any standard of review.

## I.   Applying *Verwiebe* in this case was consistent with *ex post facto* and due process principles.

The Constitution provides that "[n]o ex post facto Law shall be passed" by Congress.  U.S. Const. art. I § 9, cl. 3; *accord* U.S. Const. art. I § 10, cl. 1 (providing a similar limitation on state legislatures).  "As the text of that Clause makes clear, it 'is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.'"  *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)).  Thus, it is well settled that "the *Ex Post Facto* Clause does not apply to judicial decisionmaking."  *Rogers*, 532 U.S. at 462; *accord Frank v. Magnum*, 237 U.S. 309, 344 (1915) (the *Ex Post Facto* Clause "is directed against legislative action only, and does not reach erroneous or inconsistent decisions by the courts"); *Ross v. Oregon*, 227 U.S. 150, 161 (1913) (the *Ex Post Facto* Clause "according to the natural import of its terms, is a restraint upon legislative power, and concerns the making of laws, not their construction by the courts"); *Calder v. Bull*, 3 Dall. 386, 395 (1798) (describing the *Ex Post Facto* Clause as reaching legislative, but not judicial, acts).  Accordingly, applying *Verwiebe* in this case cannot have violated the *Ex Post Facto* Clause.

To be sure, "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." *Rogers*, 532 U.S. at 456; *accord Bouie v. City of Columbia*, 378 U.S. 347, 352-54 (1964). But due process limitations on the retroactive application of judicial decisions "are not coextensive with the limitations placed on legislatures by the Constitution's *Ex Post Facto* Clauses." *Metrish v. Lancaster*, 569 U.S. 351, 360 (2013). Indeed, strictly applying *ex post facto* principles to judicial decisionmaking "would place an unworkable and unacceptable restraint on normal judicial processes and would be incompatible with the resolution of uncertainty that marks an evolving legal system." *Rogers*, 532 U.S. at 461.

As such, the Supreme Court has concluded that a judicial interpretation of a criminal law "violates the principle of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id*. at 462 (internal quotation marks and citation omitted). And the only case in which the Supreme Court has found such a due-process violation involved a judicial interpretation of the law that was (1) "clearly at variance with the statutory language" and (2) "had not the slightest support in prior [court] decisions." *Bouie*, 378 U.S. at 356; *accord Metrish*, 569 U.S. at 359 (identifying

those two features as the key problems with the judicial interpretation at issue in *Bouie*).

*Verwiebe*'s interpretation of the ACCA's use-of-force clause does not suffer from either of those flaws. *Verwiebe*'s reading of the ACCA is not at odds with the text of the statute, but rather is based on the "common understanding" of the word "use." *Voisine*, 136 S. Ct. at 2278. Moreover, *Verwiebe*'s holding is both supported and mandated by the Supreme Court's decision in *Voisine*. *See Verwiebe*, 874 F.3d at 264 ("[T]he argument that crimes satisfied by reckless conduct categorically do not include the 'use of physical force' simply does not hold water after *Voisine*."); *accord Davis*, 900 F.3d at 736 ("*Voisine* … necessarily overturned this circuit's precedent in *McMurray*.").

Indeed, the majority of circuits that have addressed the issue post-*Voisine* have concluded that the ACCA's use-of-force clause encompasses reckless conduct. *E.g.*, *United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) (Kavanaugh, J.), *cert. denied*, 2019 WL 113532 (Jan. 7, 2019); *accord United States v. Pam*, 867 F.3d 1191, 1207-08 (10th Cir. 2017); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 2117 (2017); *see also United States v. Bettcher*, 911 F.3d 1040, 1042 (10th Cir. 2018) (U.S.S.G. § 4B1.2(a)'s use-of-force clause encompasses reckless conduct); *United States v. Ramey*, 880 F.3d 447, 449 (8th Cir.) (same), *cert. denied*, 139 S. Ct. 84 (2018); *United States v.*

11

*Howell*, 838 F.3d 489, 500-01 (5th Cir. 2016) (same), *cert. denied*, 137 S. Ct. 1108 (2017); *United States v. Mendez-Henriquez*, 847 F.3d 214, 221-22 (5th Cir.) (U.S.S.G. § 2L1.2(b)'s use-of-force clause encompasses reckless conduct), *cert. denied*, 137 S. Ct. 2177 (2017). *But see United States v. Windley*, 864 F.3d 36, 38 (1st Cir. 2017) (finding it unclear post-*Voisine* whether the ACCA's use-of-force clause encompasses reckless conduct). It is unsurprising that this Court reached the same conclusion in *Verwiebe*.

In any event, Borden had notice at the time he committed his firearm offense in April 2017 that his prior Tennessee reckless aggravated assault conviction could result in an enhanced sentence under the ACCA. The Supreme Court had already made clear ten months earlier that the language used in the ACCA's use-of-force clause, "naturally read, encompasses acts of force undertaken recklessly." *Voisine*, 136 S. Ct. at 2282. While this Court had not yet had occasion to correct its jurisprudence to align with *Voisine*, other circuits had done so. *E.g.*, *Howell*, 838 F.3d at 500-01; *Fogg*, 836 F.3d at 956. *Verwiebe*'s holding was not a shock, and there was no due-process violation in applying that decision when calculating Borden's penalty range.

In short, the application of *Verwiebe* in this case did not violate either *ex post facto* or due process principles. *Verwiebe*'s interpretation of the ACCA's use-of-force clause was not so "unexpected and indefensible," *Rogers*, 532 U.S.

12

at 462, that the district court should not have relied upon it.  Correcting errors in statutory interpretation is part of the due process of law.  A higher court has the "responsibility to say what a statute means, and once [it] has spoken, it is the duty of [lower] courts to respect that understanding of the governing rule of law." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312 (1994).  *Verwiebe*'s interpretation of the ACCA's use-of-force clause "is an authoritative statement of what the statute meant before as well as after the decision." *Id.* at 312-13.  The district court properly relied on *Verwiebe* to conclude that Borden's prior Tennessee reckless aggravated assault conviction is an ACCA predicate.

## II.    Tennessee reckless aggravated assault categorically qualifies as a violent felony under the ACCA's use-of-force clause.

In addition to challenging the applicability of *Verwiebe*, Borden argues, for the first time on appeal, that Tennessee reckless aggravated assault does not qualify as a violent felony because the offense allegedly can be committed by mere reckless driving.  (Borden Brief at 12-17.)  That argument is precluded by this Court's precedent.  *E.g.*, *Davis*, 900 F.3d at 736; *accord Harper*, 875 F.3d at 330.  It also based on a mistaken understanding of federal and Tennessee law.

An offense qualifies as a violent felony under the ACCA's use-of-force clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The

force involved must be "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). However, the force need not rise to the level of "caus[ing] serious injury, or traumatic injury." *United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016). It is sufficient that the force be capable of causing *any* injury, "regardless of its gravity or duration." *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012) (citation omitted). Indeed, "force as small as hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling," is enough. *Stokeling v. United States*, No. 17-5554, __ S. Ct. __, 2019 WL 189343, at *8 (Jan. 15, 2019) (editing marks and citation omitted).

Each of the reckless variants of Tennessee aggravated assault necessarily involves the use of such force. Tennessee defines those variants as follows:

(a)  A person commits aggravated assault who …

> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

>> (A) Causes serious bodily injury to another; or

>> (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102.[6]

---

[6] All citations to the Tennessee Code in this brief refer to the 2005 version that was in effect at the time Borden committed his reckless aggravated assault.

That portion of Tennessee's aggravated assault statute is "divisible" because it "lists multiple, alternative elements," and thus provides two different ways in which reckless aggravated assault can be committed. *Descamps v. United States*, 570 U.S. 254, 264 (2013).  However, each method of committing reckless aggravated assault requires that the perpetrator commit an assault "as defined in § 39-13-101*(a)(1).*"  Tenn. Code Ann. § 39-13-102(a)(2) (emphasis added).  That subsection of Tennessee's simple assault statue requires that perpetrator "recklessly cause[] bodily injury to another."  *Id.* § 39-13-101(a)(1).  And one can only cause *bodily* injury to another by using violent force—*i.e.*, force capable of causing physical pain or injury.  Based on that element of the offense alone, reckless aggravated assault categorically qualifies as a violent felony under the use-of-force clause.  *See*, *e.g.*, *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) ("[C]rimes which require proof of physical injury necessarily have as an element the use, attempted use, or threatened use of physical force against the person of another." (internal editing marks and citation omitted)).

15

The additional serious-bodily-injury and deadly-weapon elements in the alternative variants of reckless aggravated assault further demonstrate that the offense involves the use or attempted use of violent force.  Tennessee defines "serious bodily injury" as "bodily injury which involves [a] substantial risk of death; [p]rotracted unconsciousness; [e]xtreme physical pain; [p]rotracted or obvious disfigurement; or [p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty."  Tenn. Code Ann. § 39-11-106(34).  Crimes "requiring proof of [such] serious physical injury necessarily require proof of violent physical force."  *Verwiebe*, 874 F.3d at 261.  Thus, the serious-bodily-injury variant of reckless aggravated assault qualifies as a violent felony under the use-of-force clause.

Tennessee's definition of "deadly weapon" likewise confirms that that variant of reckless aggravated assault is a use-of-force-clause violent felony.  In Tennessee, a "deadly weapon" is either a "firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or … [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury."  Tenn. Code Ann. § 39-11-106(5).  Use of such a weapon necessarily involves the use of force that is capable of causing physical injury to another.  *See*, *e.g.*, *United States v. Burris*, 912 F.3d 386, 405 (6th Cir. 2019) (*en banc*) ("[I]t follows logically that using a device

16

'capable of inflicting death' satisfies the element clause's use, attempted use, or threatened use of violent physical force."). And merely displaying such a weapon during an assault is a threatened use of that same violent force. *E.g.*, *United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014). As such, this Court has repeatedly found that the deadly-weapon variants of Tennessee aggravated assault qualify as violent felonies under the use-of-force clause. *See Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (knowing/intentional deadly-weapon variant); *Harper*, 875 F.3d at 330 (reckless deadly-weapon variant); *Davis*, 900 F.3d at 736 (knowing/intentional and reckless deadly-weapon variants).

Borden nevertheless contends that, because a motor vehicle can be a deadly weapon under Tennessee law, that state's deadly-weapon variant of reckless aggravated assault does not qualify as a violent felony. (Borden Brief at 14-17.) Specifically, Borden claims that "reckless driving resulting in injury is distinct from other crimes of recklessness" and is instead "similar to the [driving-under-the-influence] crimes" considered by the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008), *abrogated by Johnson*, 135 S. Ct. at 2251. (Borden Brief at 14 (relying on *United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2017).)

17

As an initial matter, Borden is mistaken in suggesting that the deadly-weapon variant of Tennessee reckless aggravated assault is akin to a reckless driving or DUI offense. A person cannot be convicted of aggravated assault in Tennessee for simply driving recklessly or while intoxicated. *See, e.g., State v. Boone*, No. W2005-158-CCA-R3-CD, 2005 WL 3533318, at *7 (Tenn. Crim. App. Dec. 27, 2005) (distinguishing reckless aggravated assault committed with a motor vehicle from reckless driving and finding that the latter is not a lesser included offense of the former). Rather, to be guilty of aggravated assault, a defendant must have recklessly used his motor vehicle to cause "actual bodily injury to another person." *Id*. Such conduct is much more serious than the misdemeanor offenses of mere reckless or drunk driving. *Compare* Tenn. Code Ann. § 39-13-102(a)(2) (reckless aggravated assault – Class D felony), *with id*. § 55-10-205 (reckless driving – misdemeanor), *and id*. §§ 55-10-401 and 55-10-402 (DUI – misdemeanor on the first three occasions).

Borden's reliance on *Begay* is also misplaced. *Begay* addressed the scope of the now-defunct ACCA residual clause, asking whether a prior conviction under a DUI statute demonstrates "an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." 553 U.S. at 145-146. That analysis may have been appropriate for the residual clause, but it says nothing about whether an offense involves "the use,

18

attempted use, or threatened use of physical force against the person of another."  18 U.S.C. 924(e)(2)(B)(i).  Moreover, DUI statutes "impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all."  *Begay*, 553 U.S. at 145-46.  Someone convicted under such a statute has not necessarily acted in "a purposeful, violent, and aggressive manner."  *Id*.  The same cannot be said of a defendant convicted for reckless aggravated assault, having engaged in "volitional conduct" involving "a deliberate decision to endanger another."  *Voisine*, 136 S. Ct. at 2278-79.

In short, there is no principled reason why a reckless aggravated assault offense that can be committed by using a motor vehicle as a deadly weapon should be treated differently that other crimes involving reckless uses of force.  *E.g.*, *United States v. Mann*, 899 F.3d 898, 905-906 (10th Cir. 2018).  The Eight Circuit is the only court that has drawn such a distinction in its ACCA jurisprudence, and it based its decision solely on *Begay*—a residual-clause case that the Supreme Court has since abrogated.[7]  *See Fields*, 863 F.3d at 1014

---

[7] Contrary to Borden's assertion, the First Circuit has not carved out an exception from *Voisine* for offenses that encompass reckless driving.  Instead, that circuit has found it unclear whether *Voisine* requires treating crimes with a *mens rea* of recklessness as violent felonies and, applying the rule of lenity, has found that no reckless offenses qualify as violent felonies.  *E.g.*, *United States v. Rose*, 896 F.3d 104, 109-10 (1st Cir. 2018).

(relying on *United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011), which "reasoned from the Supreme Court's decision in *Begay*").

The Eighth's Circuit's decision in *Fields* has been criticized by at least one judge on that court. *See Fields*, 836 F.3d at 1016 (Loken, J., dissenting); *see also Ramey*, 880 F.3d at 449 (questioning the continued validity of *Ossana* following the Supreme Court's abrogation of *Begay* and decision in *Voisine*). And it has been expressly rejected by the Tenth Circuit. *See Mann*, 899 F.3d at 905 (finding "no reason to treat reckless driving as categorically different than other forms of reckless conduct").

This Court should reject *Fields* as well because that decision cannot be squared with either *Voisine* or *Verwiebe*. Like the Tennessee reckless aggravated assault offense at issue in this case, the reckless assault offenses in each of those cases could have been committed through reckless driving. *See Voisine*, 136 at 2287-90 (Thomas, J., dissenting) (objecting to the majority's holding on the ground that Maine reckless assaults could be committed through reckless driving); *United States v. Zunie*, 444 F.3d 1230, 1232-36 (10th Cir. 2006) (affirming conviction under 18 U.S.C. § 113(a)(6)—the assault statute at issue in *Voisine*—based on defendant's reckless driving resulting in injury). That fact did not preclude either the Supreme Court or this Court from finding that the reckless assault offenses at issue in those cases involved the use of force.

20

Rightly so.  A defendant who recklessly drives into others and injures them employs force against his victims as surely as one who "throws a plate in anger against the wall near where his wife is standing."  *Voisine*, 136 S. Ct. at 2279. And a reckless aggravated assault committed with a motor vehicle is no less violent than a reckless aggravated assault committed with a different deadly weapon.

In sum, the fact that Tennessee reckless aggravated assault can be committed by using a motor vehicle as a deadly weapon does not prevent it from qualifying as a violent felony.  By definition, all variants of that offense have as an element the use of physical force against the person of another, and this Court has properly concluded that the offense categorically qualifies as a violent felony under the use-of-force clause.  *E.g.*, *Davis*, 900 F.3d at 736; *accord Harper*, 875 F.3d at 330.  The district court did not plainly err by not *sua sponte* refusing to follow that binding precedent.

## CONCLUSION

Borden's prior Tennessee reckless aggravated assault conviction qualifies as a violent felony under this Court's binding precedent. The district court properly followed that precedent in this case, and its judgment should be affirmed.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

By:    *s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee  37902
865-545-4167

## CERTIFICATE OF SERVICE

I certify that, on January 28, 2019, this brief was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing

system to all parties indicated on the electronic filing receipt, and those parties

may access this brief through the Court's electronic filing system. Any parties

not listed on the electronic filing receipt will be served by regular United States

mail, postage prepaid.

                                         *s/ Luke A. McLaurin*
                                         Luke A. McLaurin
                                         Assistant United States Attorney

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff-Appellee,<br>　　v.<br><br>CHARLES BORDEN, JR.,<br>　　　　　　Defendant-Appellant. | On appeal from the United<br>States District Court for the<br>Eastern District of Tennessee<br>　No. 1:17-cr-120 |

| ENTRY NO. | DESCRIPTION OF ENTRY | PAGE ID# RANGE |
|---|---|---|
| R. 1 | Indictment | 1 |
| R. 22 | Amended Plea Agreement | 40-48 |
| R. 29 | Objections to Presentence Report | 133-139 |
| R. 30 | Revised Presentence Report | 140-181 |
| R. 41 | Judgment | 211-217 |
| R. 44 | Notice of Appeal | 223 |
| R. 48 | Sentencing Transcript | 273-305 |

*s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney