**CASE NO. 18-5409**

---

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**CHARLES BORDEN, JR.,**

**Defendant-Appellant**

---

**ON APPEAL FROM THE UNITED STATES
DISTRICT COURT, EASTERN DISTRICT
OF TENNESSEE, AT CHATTANOOGA**

---

**FINAL REPLY BRIEF OF APPELLANT, CHARLES BORDEN**

Laura E. Davis
Assistant Federal Defender
Federal Defender Services of Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, Tennessee  37929    (865) 637-7979
Attorney for Charles Borden

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... iii

ARGUMENT ........................................................................................1

CONCLUSION .....................................................................................3

CERTIFICATE OF SERVICE ................................................................4

CERTIFICATE OF COMPLIANCE.........................................................5

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bouie v. City of Columbia*, 378 U.S. 347 (1964) .......................................................1

*Davis v. United States*, 262 F. Supp. 3d 539 (E.D. Tenn. April 17, 2017) ..............2

*Davis v. United States*, 900 F.3d 733 (6th Cir. 2018).................................................2

*Dillard v. United States*, No. 1:02-cr-167 (E.D. Tenn. April 21, 2017)....................2

*Marks v. United States*, 430 U.S. 188 (1977) .............................................................1

*Rogers v. Tennessee*, 532 U.S. 451 (2001) ..................................................................1

*United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010).............................................1

*United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011)....................................1, 2

*United States v. Wehunt*, 230 F. Supp. 3d 838 (E.D. Tenn. January 24, 2017).........2

*Voisine v. United States*, 136 S. Ct. 2272 (2016)....................................................1, 2

## Statutes

18 U.S.C. § 921(a)(33)(A) ...........................................................................................1

18 U.S.C. § 922(g)(9)...................................................................................................1

18 U.S.C. § 924(e)(2)(B)(i)..........................................................................................1

# ARGUMENT

At the time of Mr. Borden's indictment, *McFalls* was the law in this Circuit. Not until October 20, 2017, did the Sixth Circuit overrule *McFalls*. "There can be no doubt that a deprivation of the **right of fair warning** can result not only from vague statutory language, *but also from an unforeseeable and retroactive judicial expansion of narrow and precise... language*."

(Objection to PSR, R. 29, Page ID# 137) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964) (italic emphasis added in Objection; bold added here)). Call it "*ex post facto*" or "due process protect[ion] against judicial infringement of the 'right to fair warning' that certain conduct will give rise to criminal penalties," Mr. Borden argued its violation and the district court overruled his objection. *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001) (quoting *Marks v. United States*, 430 U.S. 188, 191-192 (1977)).

For seven years, the Sixth Circuit held that crimes with a reckless *mens rea* were not a crime of violence or violent felony. *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010); *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011). That *Voisine* abrogated that precedent is far less clear than the government suggests. (Gov't Br. at p. 12) (citing *Voisine v. United States*, 136 S. Ct. 2272 (2016)). *Voisine* concerns 18 U.S.C. § 922(g)(9), which prohibits persons convicted of misdemeanor crimes of violence from possessing firearms. 136 S. Ct. at 2276. "Misdemeanor crime of domestic violence" is defined by 18 U.S.C. § 921(a)(33)(A). *Id.* That statute and 18 U.S.C. § 924(e)(2)(B)(i)'s definition of

1

"violent felony" do share language – the "use of physical force" – however the application of *Voisine* to the Armed Career Criminal Act was not immediately apparent to learned judges, much less the average citizen.  *See Davis v. United States*, 262 F. Supp. 3d 539, 550 (E.D. Tenn. April 17, 2017) ("this Court is not convinced that the Sixth Circuit would interpret *Voisine* as invalidating *McMurray*"), *overruled by Davis v. United States*, 900 F.3d 733 (6th Cir. 2018), *pet. for cert. pending* S. Ct. Case No. 18-6706; *United States v. Wehunt*, 230 F. Supp. 3d 838, 846 (E.D. Tenn. January 24, 2017) (same conclusion as *Davis*, but by different district court judge); *Dillard v. United States*, No. 1:02-cr-167 (E.D. Tenn. April 21, 2017) (Doc. 114) (same conclusion as *Davis*, by yet another district court judge).  At the time of Mr. Borden's offense on April 11, 2017, *Wehunt* had held for months that *Voisine* had not disturbed established Circuit precedent.  Soon after his offense, *Davis* and *Dillard* would hold the same.  The government would have a high school graduate (PSR, R. 25, Page ID# 122) know better than three district court judges – law school graduates all, with an aggregate 30 years on the federal bench.  Mr. Borden did not have fair notice his prior assault conviction would be used to subject him to the significant sentencing enhancements under the ACCA.

## CONCLUSION

It is for these reasons, as well as those stated in his original brief, that Mr. Borden respectfully requests this Honorable Court to vacate his sentence and remand his case for resentencing without the enhancements of the Armed Career Criminal Act.  He also respectfully continues in his request for oral argument on the issues raised.

Respectfully submitted:

Federal Defender Services of
Eastern Tennessee, Inc.

By:

  *s/  Laura E. Davis*          .
Laura E. Davis
Assistant Federal Defender

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Brief as been served upon the appellee through operation of the Court of Appeals Electronic Filing System, and to Appellant Charles Borden, Register No. 52564-074, USP Terre Haute, with sufficient postage to carry the same to its destination.

Dated this 25th day of February, 2019.


_s/  Laura E. Davis_   .
Laura E. Davis
Assistant Federal Defender

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the requirements of the type-volume limitation of Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, as it contains 545 words, excluding the table of contents, table of citations, statement in support of oral argument, any addendum, and the certificates of counsel.  Certification is based on the word count of the word-processing system used in preparing the Borden brief, Microsoft Word 2016.

_s/  Laura E. Davis_        .
Laura E. Davis